IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHELBY TYRONE CLARK,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 2:22-cv-81-JDW |
| | : | |
| **KENNETH KALTESKI**, *et al.*, | : | |
| **Defendants.** | : | |

### ORDER

AND NOW, this 8th day of February, 2022, upon consideration of Plaintiff Shelby Tyrone Clark, Jr.'s Motion To Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** as follows:

1. Mr. Clark's Motion Leave To *In Forma Pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915;

2. Shelby Tyrone Clark, Jr., #0205753, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Clark's inmate account; or (b) the average monthly balance in Clark's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Lehigh County Jail or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket

number for this case.  In each succeeding month when the amount in Clark's inmate trust fund account exceeds $10.00, the Warden of Lehigh County Jail or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Clark's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case;

3. The Clerk of Court shall send a copy of this Order to the Warden of Lehigh County Jail;

4. The Complaint is deemed filed;

5. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons stated in the accompanying Memorandum, the Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE**, as follows:

    a. The following claims are **DISMISSED WITH PREJUDICE**: (i) all claims against the United States; (ii) all claims against Judge Marks; all claims asserting violations of HIPAA; (iii) all claims asserting violations of the PREA; (iv) all claims based on verbal threats, including claims about Mr. Clark's verbal dispute with Officer Carion, claims about Officer Stoval's alleged threat against Mr. Carter, claims about Mr. Mette's threat against Mr. Clark concerning Mr. Clark's PREA complaint, and claims about the "subliminal remark" that Sergeant Pacchioni made about tainted food; (v) the official capacity claim against Dr. Kalteski; and (vi) all claims against Dr. Wilson concerning Mr. Clark's request for Vitamin D; and

      b.    The following claims are **DISMISSED WITHOUT PREJUDICE**: (i) all claims against Officer Ramos and Mr. Takacs concerning tainted food; (ii) all claims about delayed paperwork, including claims against Officer Doe for giving Mr. Clark a bloody Post-It, claims against Mr. Leadbetter for failing to pass along paperwork, and claims against Officer Watty for giving Mr. Clark a dirty tablet; (iii) claims for deliberate indifference against Dr. Wilson, Ms. Hughes, and Ms. Benner for failing to provide treatment for arthritis, depression, PTSD, and anxiety; (iv) claims against Nurse Jane Doe about failure to provide treatment following a physical altercation; (v) claims against Ms. Thomas for failing to provide treatment after another inmate threw urine and feces at Mr. Clark; (vi) and claims against Warden Russel and Director Donate;

    6.    The Clerk of Court shall terminate the United States, Judge Marks, Officer Carion, Officer Stoval, Mr. Mette, Kelly Ford, and Sergeant Pacchioni as Defendants in this action;

    7.    On or before March 11, 2022, Mr. Clark may file an amended complaint to attempt to cure the defects that the Court has identified in the claims dismissed without prejudice. Mr. Clark may not reassert a claim already dismissed with prejudice or rename a Defendant already terminated from this action. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Clark's claims against each defendant. Mr. Clark must include in his amended complaint the claim against

3

Dr. Kaltesky that survived statutory screening if Mr. Clark seeks to proceed on that claim. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Clark should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until the Court so orders;

8. The Clerk of Court shall send Mr. Clark a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Clark may use this form to file his amended complaint if he chooses to do so;

9. If Mr. Clark does not amend his Complaint within the 30-day period, only his claim against Dr. Kalteski, based on alleged deliberate indifference to Clark's serious dental needs will be served for a responsive pleading. Mr. Clark may notify the Court that he will only proceed on that one claim by filing a Notice expressing that choice, and the Court will order the Complaint served on Dr. Kalteski.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**