IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY TYRONE CLARK, | : | |
|     Plaintiff, | : | |
| | : | |
|     V. | : | CIVIL ACTION NO. 5:22-CV-0081 |
| | : | |
| KENNETH KALTESKI, *et al.* | : | |
|     Defendants. | : | |

**ORDER**

**AND NOW**, this 20th day of April, 2022, upon consideration of Plaintiff Shelby Tyrone Clark, Jr.'s Amended Complaint (ECF No. 10), it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED IN PART** pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons stated in the accompanying Memorandum as follows:

    a. Mr. Clark's claims against Emil Sofia, Lillian Thomas, Victor Pacchiani, Manuel Ramos, Angel Rodriguez, Rick Takacs, Alexander Watty, Todd Oeldjanbiurnes, Josh Leadbetter, Kyle Russell, Janine Donate, Mike Armstrong, and the Commonwealth of Pennsylvania are **DISMISSED WITH PREJUDICE**;

    b. Mr. Clark's interference with legal relationship claim is **DISMISSED WITH PREJUDICE**; and

    c. Mr. Clark's official capacity claims against Kenneth Kalteski, Dolores Lutzko, Amanda Brenner, and Megan Hughes are **DISMISSED WITH PREJUDICE**.

2. Mr. Clark has also asserted constitutional claims for failure to provide medical treatment against Kenneth Kalteski, Dolores Lutzko, Amanda Brenner, and Megan Hughes in their individual capacities. These claims survive statutory screening and can be served on the defendants.

3. The Clerk of Court is specially appointed to serve written waiver requests on the Defendants, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service, so that Mr. Clark may proceed on his surviving constitutional claims based on the failure to provide medical treatment. The waiver of service requests shall be accompanied by a copy of the Complaint and a copy of this Order and the accompanying Memorandum, and shall inform the Defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow each Defendant at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint, along with a copy of this Order and accompanying Memorandum, to the U.S. Marshals Service for immediate service

4. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should

be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

5. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Mr. Clark is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

6. Mr. Clark is specifically directed to comply with local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Mr. Clark shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence;

7.No direct communication is to take place with the United States District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court;

8.In the event a summons is returned unexecuted, it is Mr. Clark's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made; and

9.The Parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the Parties' legal rights.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**