IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHELBY TYRONE CLARK, JR.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:22-cv-00081-JDW |
| | : | |
| **NATHAN KALTESKI,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

Shelby Tyrone Clark, a detainee at Lehigh County Jail ("LCJ"), asserts claims against Dr. Nathan Kalteski, Physician's Assistant Megan Hughes, Nurse Dolores Lutzko, and Nurse Amanda Benner for violating Mr. Clark's Fourteenth Amendment rights. He doesn't have evidence to support his claims or rebut the facts that Defendants have presented, though. As a result, I will grant summary judgment.

**I.  BACKGROUND**

**A.  Facts**

Mr. Clark alleges he was denied medical and dental care during his detention at LCJ, both before and after his sentencing on April 19, 2021. Throughout 2021, Mr. Clark complained about tooth pain. Dr. Kalteski examined him on January 5, 2021, February 16, 2021, May 4, 2021, and August 21, 2021. During those examinations, Dr. Kalteski identified one wisdom tooth that required extraction and another tooth with severe decay. (It's not clear if Dr. Kalteski recommended extraction of the decaying tooth.) On

each occasion, Mr. Clark did not agree to an extraction. On September 21, 2021, Mr. Clark consented to a procedure to have his wisdom tooth extracted, and Dr. Kalteski performed the procedure.

On December 24, 2021, Ms. Hughes diagnosed Mr. Clark with a canker sore. Mr. Clark told her he had no difficulty eating. Ms. Hughes advised him to follow up if pain worsened, but that it would heal on its own. On January 2, 2022, Mr. Clark filed an Inmate's Request to Staff form addressed to Nurse Benner, LCJ's health services administrator, complaining that Ms. Hughes told him there was no treatment for his canker sore. On January 10, 2022, Dr. Deborah Wilson examined Mr. Clark following his diagnosis for Covid-19. At that time, Mr. Clark did not complain about any pain from his canker sore, and Dr. Wilson's notes of observation make no mention of a canker sore. That same day, Ms. Benner responded to Mr. Clark's request, noting that he had been told to follow up with worsening pain, had not submitted any sick notes, and had not complained to Dr. Wilson.

Dr. Wilson prescribed Mr. Clark Tylenol and Mucinex for Covid. Nurse Lutzko dispensed Mr. Clark's medication on January 16 and 17, 2022. She was not responsible for dispensing medications again for the next several days. According to prison records, Mr. Clark received his prescribed doses from January 16-18, but then he refused several doses and was marked absent for others.

B. **Procedural History**

Mr. Clark first filed a Complaint on January 5, 2022, and an Amended Complaint March 3, 2022. I dismissed with prejudice parts of the Amended Complaint. The Parties engaged in discovery, and Defendants filed their summary judgment motion on December 9, 2022. Mr. Clark filed a response on February 6, 2023. He designated it *ex parte*, but I will unseal it.

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d

3

252, 256 (3d Cir. 2007) (citation omitted). "If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3).

## III. DISCUSSION

Eighth Amendment claims against prison officials must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). For pretrial detainees, the proper analysis is under the Fourteenth Amendment Due Process Clause, not the Eighth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). The Third Circuit "has applied the same standard to a failure-to-protect claim under the Fourteenth Amendment as under the Eighth Amendment." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

To prevail on a claim for denial of medical care, "plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). "A prison official acts with deliberate indifference to a prisoner's medical needs only if he or she 'knows of and disregards an excessive risk to

inmate health or safety'". *Wall v. Bushman*, 639 Fed.Appx. 92, 94 (3d Cir. 2015) (quoting *Farmer*, 511 U.S. at 837). Furthermore, "a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right." *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011).

### A.     Dr. Kalteski

Although Mr. Clark continually filed sick notes about his tooth, the record shows that prior to September 2021, Mr. Clark would not consent to the tooth extraction during any of his four examinations with Dr. Kalteski. Although Mr. Clark has produced evidence that he asked about having the tooth pulled, he has not produced evidence that he consented to the procedure. And the record establishes that Dr. Kalteski saw and treated Mr. Clark whenever Mr. Clark filed a sick note. Therefore, the claim against Dr. Kalteski cannot go forward.

### B.     Ms. Hughes And Ms. Benner

Ms. Hughes treated Mr. Clark's complaint and told him to follow up if his pain worsened. He never did. That didn't display indifference, let alone deliberate indifference. Ms. Benner made that point to him in her response to him. Also, all that Ms. Benner did was to review Mr. Clark's complaint. She didn't provide any nursing care, nor was she asked to do so. That limited role does not demonstrate the personal involvement required for Mr. Clark to sustain a due process claim against her. *See Rode v. Dellarciprete*, 845

F.2d 1195, 1207-08 (3d Cir. 1988). Mr. Clark's claims against Ms. Hughes and Ms. Benner therefore cannot proceed.

### C. Ms. Lutzko

When Ms. Lutzko first administered Mr. Clark his medication, he received all his doses. There is no evidence in the record that Ms. Lutzko denied Mr. Clark his medicine, or even that she failed to deliver it (to the extent that subtle distinction matters). Mr. Clark denies the Defendants' factual assertions on this point but offers no evidence of his own. As a matter of law, though, he cannot "merely deny the allegations." *Doe*, 480 F.3d at 256. He needs to produce evidence to raise a genuine dispute over a material fact that Nurse Lutzko and other nurses administering medication disregarded a serious risk to his health. He has not done so, so his claim against Nurse Lutzko and any unnamed defendants fails under the undisputed facts.

## IV. CONCLUSION

There's no evidence in the record that would permit a factfinder to find in Mr. Clark's favor. I will therefore grant the Motion for Summary Judgment. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON

April 12, 2023